IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NORMAN HESSELDAHL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-1649-TC |
| | ) | |
| v. | ) | OPINION AND |
| | ) | ORDER |
| OREGON DEPARTMENT OF VETERANS' AFFAIRS and PAULA BROWN, | ) ) ) | |
| Defendants. | ) | |

COFFIN, Magistrate Judge.

Plaintiff, formerly employed by the Oregon Department of Veterans' Affairs (ODVA), brings a number of state and federal claims against ODVA and his former supervisor, Paula Brown. Before the court is defendants' motion for partial summary judgment (#41) and motion to strike (#59). For the reasons that follow, the motion for partial summary judgment is granted, and the motion to strike is denied as moot.

STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact is resolved against the moving party, Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976), and any inferences drawn

from the underlying facts are viewed in the light most favorable to the nonmoving party. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).

Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 323-24.

BACKGROUND

Plaintiff accepted an offer of employment to work as a public information manager for ODVA in June 2004. The letter of offer, which confirmed an oral offer, recited that plaintiff would be employed "at the pleasure of the Governor or appointing authority as outlined in

2 - OPINION AND ORDER

. . . ' State Policy #40.060.01, *'At Will Employment.'*" Def. Exhibit 1 (italics in original). Plaintiff testified that he knew that he was an "at will" employee of ODVA. Def. Exhibit 2 at 2.

Plaintiff was born in 1941. Complaint, ¶ 7. Plaintiff alleges that after disclosing his age to Brown, he suffered workplace harassment and discrimination until his termination in January 2005. Complaint, ¶¶ 11, 12. Plaintiff asserts that Brown made negative comments about his willingness to keep his position over the long term, disparaged a male employee who had made a sexual harassment complaint, monitored and criticized plaintiff's actions, assigned plaintiff excessive high-priority work and inconsequential work, delayed reviewing plaintiff's projects and diminished plaintiff's managerial authority. Complaint ¶ 11.

In November of 2005, plaintiff initiated this action and brought the following claims: termination and harassment on the basis of sex in violation of 42 U.S.C. § 2000e (hostile work environment and sex-based discrimination); discrimination on the basis of sex in violation of ORS 659A.030; discrimination on the basis of age, in violation of 29 U.S.C. § 621 *et seq.* and ORS 659A.030(1); violation of equal protection and due process rights under 42 U.S.C. § 1983; and intentional interference with contract.

Defendants now move for summary judgment on all claims except the claim of sex-based discrimination under 42 U.S.C. § 2000e. Defendants also move to strike plaintiff's entire argument in response to Defendants' Motion for Partial Summary Judgment on the basis that

3 - OPINION AND ORDER

several of plaintiff's contentions misrepresent facts in the record. As explained in the following analysis, summary judgment is appropriate on each of the claims challenged in defendants' motion (#41). Because the court is not required to decide the merits of defendants' motion to strike in order to resolve the summary judgment motion at bar, defendants' motion to strike (#59) is denied as moot.[1]

ANALYSIS

ORS 659A.030 claims, Due Process, and ADEA claim

Plaintiff concedes that the Eleventh Amendment bars him from bringing claims under ORS 659A.030, ORS 659A.030(1), and 29 U.S.C. § 621 et seq. against the state of Oregon in federal court. The court accepts plaintiff's concession and dismisses those claims without prejudice so that plaintiff may pursue these claims in state court. Further, plaintiff concedes that defendant is entitled to summary judgment on the merits of his claim of violation of due process under 42 U.S.C. § 1983. The court accepts that concession and dismisses the claim with prejudice.

Equal Protection (class of one)

Plaintiff further contends that defendants have violated his federal constitutional right to equal protection under the law and seeks relief under 42 U.S.C. § 1983. Plaintiff rests his claim on the

---

[1]Moreover, the parties need not depend on the presentation of facts prepared for the summary judgment motion when litigating plaintiff's remaining sex-based discrimination claim under 42 U.S.C. § 2000e. Rather, the court anticipates that the parties' factual argument will be refined at trial in light of their briefing on Defendants' Motion to Strike (#59).

4 - OPINION AND ORDER

assertion that he was intentionally treated differently from similarly situated employees, and the discriminatory treatment lacked any rational basis. Plaintiff's claim fails as a matter of law. Engquist v. Oregon Dept. of Agriculture, 478 F.3d 985, 995 (9th Cir. 2007), decided after plaintiff filed his complaint in this case, holds that the class-of-one theory of equal protection is inapplicable to decisions made by public employers with regard to their employees. That is precisely the type of claim that plaintiff has brought. Summary judgment in defendants' favor is appropriate.

Hostile Work Environment

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII is violated if harassment on the basis of sex is so severe or pervasive as to create a hostile work environment. Kortan v. CYA, 217 F.3d 1104, 1109 (9th Cir. 2000). Defendant moves for summary judgment on the hostile work environment claim on the basis that facts in the record cannot demonstrate the level of severity required to constitute a hostile work environment. The court agrees.

In order to prevail on a hostile work environment claim, plaintiff must show: "1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was

5 - OPINION AND ORDER

unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003). At issue is the third prong of the inquiry.

Whether an employer's conduct rises to the level of severity required to state a hostile work environment claim is a question of law. Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995). The court examines "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270-71, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (internal quotation marks and citation omitted), reh'g denied, 533 U.S. 912, 121 S. Ct. 2264, 150 L. Ed. 2d 248 (2001). "The working environment must both subjectively and objectively be perceived as abusive." Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000) (internal quotation marks and citation omitted).

As defendants correctly contend, a supervisor's derogatory language concerning a specific gender cannot create a hostile work environment. See Kortan, 217 F.3d at 1109-11. Conduct, even if discriminatory, will not create a hostile work environment unless it interferes with an employee's job performance unreasonably or imposes such intolerable conditions as to be abusive. Compare EEOC v.

National Education Association, 422 F.3d 840, 847 (9th Cir. 2005) (daily physical and verbal intimidation can constitute a hostile work environment), with Faragher v. City of Boca Raton, 524 U.S. 775, 788 118 S. Ct. 2275, 141 L. Ed.2d 662 (1998) and Porter v. Cal. Dep't of Corr., 419 F.3d 885, 893 (9th Cir. 2005) (teasing, offhand comments, isolated incidents of offensive conduct fail to support claim of discriminatory harassment).

Plaintiff, as I have noted already, alleges that Brown made negative comments about his willingness to keep his position in the long term, disparaged a male employee who had made a sexual harassment complaint, monitored and criticized plaintiff's actions, assigned plaintiff excessive high-priority work and inconsequential work, delayed reviewing plaintiff's projects and diminished plaintiff's managerial authority. As the briefing on Defendants' Motion to Strike makes clear, the parties dispute whether plaintiff's representation of facts gathered to substantiate those allegations accurately reflects the record on summary judgment.

The court need not resolve whether each and every representation in plaintiff's response to defendants' summary judgment motion comports with the facts in the record. The court's independent review of the record does not bring to light any facts that could demonstrate working conditions that are (in any respect) more severely hostile than those that plaintiff has alleged.[2] Thus, even if the record could

---

[2] Indeed, in a number of instances, plaintiff has overstated facts; in some cases, plaintiff has conceded as much. See Plaintiff's Response to Defendants' Motion to Strike, 7.

7 - OPINION AND ORDER

reveal a genuine issue of material fact any of plaintiff's asserted specifications concerning his adverse treatment at work, the claim nonetheless fails as a matter of law because the alleged conduct falls short of the level of severity required to state a hostile work environment claim. The record contains no evidence that Brown subjected plaintiff to treatment that a reasonable factfinder could deem both subjectively and objectively abusive. At most, the record demonstrates actions of an exacting supervisor, who, regardless of her views about some men within her department, made demands concerning plaintiff's work that plaintiff considered frustrating or inefficient. Such conduct, even if true, cannot create a hostile work environment. Summary judgment in defendants' favor is appropriate.

Intentional Interference with Contract

Plaintiff brings a claim for intentional interference with contract against defendant Brown only. Under plaintiff's theory, Brown's assertedly discriminatory conduct interfered with plaintiff's employment contract with his employer, ODVA, because it resulted in his termination.

Defendants argue that the claim should be denied on Eleventh Amendment grounds. Specifically, defendants contend that, pursuant to the Oregon Tort Claims Act, ORS 30.265(1), ODVA must be substituted as the defendant for this claim. Once the agency is substituted, immunity under the Eleventh Amendment attaches, and plaintiff's claim then fails as a matter of law. The court agrees.

8 - OPINION AND ORDER

Under ORS 30.265(1), "If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant." The rule applies only where the state agent acted "within the scope of the officer's, employee's or agent's employment or duties." ORS 30.265(1). Thus, the question whether Brown acted within the scope of her duty is dispositive.

Under Oregon law, resolution of the matter involves a three-part inquiry: (1) did Brown's actions occur substantially within the time and space limits authorized by the employment; (2) was Brown motivated <u>at least partially</u> by a purpose to serve her employer, ODVA, (3) was the act of a kind that Brown was hired to perform? <u>See</u> <u>Lumbreras v. Roberts</u>, 319 F. Supp. 2d 1191 (2004), <u>aff'd</u>, 156 Fed. Appx. 952 (2005). At issue is question (2). Brown's actions would fall outside the scope of her official duty and preclude substitution of ODVA as defendant only if Brown lacked any motivation to serve her employer's interests while carrying out the challenged conduct. On summary judgment, the court is required to ask whether the record, when viewed in the light most favorable to the plaintiff, would permit an objectively reasonable juror to find or infer that Brown, when engaging in the alleged conduct, <u>was solely motivated by a purpose to serve herself</u>?

Here, the answer is clearly no. A reasonable factfinder could not conclude that the actions of Brown that aggrieved plaintiff-- assigning work, critiquing plaintiff's projects, inquiring about

9 - OPINION AND ORDER

plaintiff's intention to remain in the job-- were motivated <u>solely</u> by her own interests. The interactions that plaintiff describes are directly related to Brown's supervisory responsibilities; the record simply does not reveal a factual issue on whether Brown pursued aims wholly apart from those of the agency. Thus, for purposes of the Oregon Tort Claims Act, Brown acted within the scope of her employment duty, and under ORS 30.265(1), ODVA must serve instead as the proper tort defendant. Once the agency is named as a defendant, the Eleventh Amendment affords the state immunity from suit under state or federal law by plaintiff in federal court. <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 64-68, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). On that basis, the claim must be dismissed.[3]

## CONCLUSION

Defendants' motion for partial summary judgment (#41) is GRANTED. Plaintiff's ORS 659A.030 and ADEA claims are dismissed without prejudice. Plaintiff's intentional interference with contract, equal protection, due process, and 42 U.S.C. § 2000e (hostile work environment) claims are dismissed with prejudice.

---

[3] The same result would obtain on the merits of plaintiff's intentional interference with contract claim. In order to prevail, plaintiff must demonstrate a genuine issue of material fact on each of the six elements of the tort: (1) a business relationship between plaintiff and another (2) harmed due to (3) intentional interference (4) by a third party (5) using improper means (6) that causes economic damage. <u>McGanty v. Stadenraus</u>, 901 P.2d 841, 846 (Or. 1995). Whether Brown is a third party to plaintiff's contract with ODVA depends on whether Brown acted within scope of her employment. Because the same scope-of-employment analysis applies to element (4) of the interference with contract claim, <u>see Kaelon v. USF Reddaway</u>, 42 P.3d 344 (Or. App. 2002), the same result would obtain, and the tort claim would fail as a matter of law.

10 - OPINION AND ORDER

Defendants' motion to strike (#59) is DENIED as moot.

DATED this 23 day of May, 2007.

THOMAS M. COFFIN
United States Magistrate Judge

11 - OPINION AND ORDER